IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY RENE BRUCE, | 1:07-cv-00587-LJO-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE |
| vs. | |
| WADKINS, et al., | (Doc. 25.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

On July 30, 2009, the court issued an order requiring plaintiff to file an opposition or statement of non-opposition to the motion to dismiss filed by defendants on April 23, 2009, within thirty days. (Doc. 25.) The thirty day period has now expired, and plaintiff has not filed an opposition or statement of non-opposition, or otherwise responded to the court's order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since 2007. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by defending against the pending motion to dismiss this action. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a response to defendants' motion to dismiss that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As plaintiff is proceeding in forma pauperis, monetary sanctions are of little use, and given defendants' pending motion to dismiss the action for failure to exhaust administrative remedies, the preclusion of evidence or witnesses is not available. Plaintiff was forewarned in the court's order that failure to comply would result in dismissal of this action with prejudice. Dismissal with prejudice is a harsh sanction. However, inasmuch as this order does not dismiss the action but makes recommendations to the United States District Judge assigned to this case, plaintiff will be granted time to file objections if he wishes.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed with prejudice based on plaintiff's failure to obey the court's order of July 30, 2009 and failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.

1  Such a document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
3  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

     IT IS SO ORDERED.

    **Dated:**   **October 15, 2009**               **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE